## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE MARGARET MCGARRITY,
personal representative of the
estate of Ann M. McGarrity,

       Plaintiff,

v.                                       Case No: 8:23-cv-776-WFJ-JSS

FLORIDA HEALTH SCIENCES CENTER,
INC., d/b/a TAMPA GENERAL HOSPITAL;
ABIGAIL JACKSON, R.N.; ASHLEY
BOYT, R.N.; NICOLA CRAIG, R.N.;
FLORIDA GULF-TO-BAY
ANESTHESIOLOGY ASSOCIATES, L.L.C.;
LACINDA MICHELLE DENIS, P.A.;
BRIAN BOLT, ARNP; PREMIER
HOSPITALISTS, PL; YASMIN
KHALDOUN MAHMOUD, M.D.;
DOUGLAS SCHWARTZ, D.O.; and
MICHAEL FRANKS, A.R.P.N.,

       Defendants.

_____/

## ORDER

    This matter comes before the Court on the Motion to Remand and for

Attorneys' Fees and Costs filed by Plaintiff Margaret McGarrity, personal

representative of the estate of Ann M. McGarrity. Dkt. 15. Defendants Florida

Health Sciences Center, Inc. (the "Hospital"), Abigail Jackson, R.N., Ashley Boyt,

R.N., and Nicola Craig, R.N. (collectively, "Respondents") have responded. Dkt. 21. Upon careful consideration, the Court denies Plaintiff's motion.

## BACKGROUND

In February 2018, Plaintiff's decedent, Ann M. McGarrity, died after receiving medical treatment from Defendants. Dkt. 6-1 at 6−7. In July 2020, Plaintiff initiated a survival action against Defendants in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Dkt. 6-3 at 2−68.[1] Before Defendants responded, Plaintiff filed an amended complaint as of right in October 2020. Dkt. 6-5 at 55−60; Dkt. 6-6 at 1−61. Neither pleading provided a basis for federal jurisdiction.

Over two years later, on March 2, 2023, Plaintiff filed a thirty-four-count Second Amended Complaint in the state court action. Dkt. 6-1. The Second Amended Complaint included three, newly asserted federal claims against the Hospital. *Id.* at 33−40. Specifically, Counts XVII and XIX were claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and Count XVIII was a claim brought under the Rehabilitation Act of 1973, 29 U.S.C. § 706. Dkt. 6-1 at 33−40. Following discussions of Plaintiff's filing of the Second Amended Complaint without leave of court or Defendants' consent, Defendants agreed to respond to the Second Amended Complaint within thirty

---

[1] *See* Case No. 20-CA-5794 in the Circuit Court of Hillsborough County, Florida.

days of March 9, 2023. *See* Dkt. 15-1.

On April 10, 2023, Defendants removed the action to this Court based on federal question jurisdiction. *See* Dkts. 1 & 6. The next day, Plaintiff filed a notice on the state court docket to inform the state court that she was no longer pursuing the federal claims alleged in her Second Amended Complaint. *See* Dkt. 15-2. Defendants filed four motions to dismiss in this federal proceeding around that time. Dkts. 5, 7, 9, 10. Plaintiff now moves to remand her case and seeks attorneys' fees and costs for improper removal. Dkt. 15.

## LEGAL STANDARD

A state court defendant may remove any case in which a federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a). If a plaintiff's case was not initially removable, "a notice of removal may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of any amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1441(b). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).

After removal, a party may move to remand the case to state court on the basis of any defect in the removal. 28 U.S.C. § 1447(c). Improper removal of a case may serve as the basis for an award of attorneys' fees and costs. *Id.*

3

## ANALYSIS

In her present motion, Plaintiff contends that Defendants' removal was untimely, warranting both remand and an award of attorneys' fees and costs. Dkt. 15 at 2−5, 7. Alternatively, Plaintiff avers that her abandonment of her federal claims has divested this Court of subject matter jurisdiction. *Id.* at 6−7. The Court considers these arguments in turn.

## I.    Timeliness

Though Plaintiff's case was not initially removable, Plaintiff's pleading of federal claims in her Second Amended Complaint made her case removable based on federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff therefore asserts that the thirty-day removal period began to run on March 2, 2023, the day that she filed her Second Amended Complaint. Dkt. 15 at 2−3. Under this timeline, Defendants' removal of the action on April 10, 2023, would be untimely. But Respondents contend that the removal period was not triggered by Plaintiff's filing of her Second Amended Complaint, given Plaintiff prematurely filed that pleading without obtaining leave of court or Defendants' written consent as required by Florida Rule of Civil Procedure 1.190(a). Dkt. 21 at 4−5. Respondents aver that the removal period began to run on March 9, 2023, when Plaintiff obtained Defendants' written consent to amend her pleading. *Id.* at 5. The Court agrees.

The statutory period during which Defendants could file a notice of removal

4

was not triggered until the Second Amended Complaint became an operative pleading. *See* 28 U.S.C. § 1446(b)(3). Given that Plaintiff already amended her complaint once as a matter of course in October 2020, she could only amend her pleading a second time "by leave of court or by written consent of the adverse party." Fla. R. Civ. P. 1.190(a). There is no indication on the state court docket that Plaintiff obtained leave of court to amend her pleading again. However, emails provided by Plaintiff reveal that she obtained Defendants' written consent to amend her pleading on March 9, 2023. Dkt. 15-1 at 2. The Second Amended Complaint therefore became the operative pleading on March 9, 2023, and the thirty-day period to remove the case began to run on that date. Because the last day of that thirty-day period fell on Saturday, April 8, 2023, Defendants had until Monday, April 10, 2023, to file their Notice of Removal. *See* Fed. R. Civ. P. 6(a).

Given that Defendants filed their Notice of Removal on April 10, 2023, their removal of Plaintiff's case was timely.[2] Neither remand nor an award of attorneys' fees and costs is warranted on this basis.

## II.   Subject Matter Jurisdiction

Plaintiff alternatively asserts that the Court lacks subject matter jurisdiction

---

[2] Plaintiff further contends that removal of her case was untimely because the Court "terminated" the removed action immediately after its filing, prompting Defendants to refile their Notice of Removal on April 11, 2023. Dkt. 15 at 6. However, the Court did not terminate this action. Defendants were simply directed by the Clerk's Office to refile their documents to comply with the requirements of the Middle District of Florida's filing system. *See* Dkt. 21-1.

5

to hear her case because she has abandoned the federal claims alleged in her Second Amended Complaint. This argument is unavailing for two reasons. First, Plaintiff has not abandoned her federal claims. Following Defendants' removal of Plaintiff's case, Plaintiff filed a notice of her voluntary dismissal of her federal claims on the *state court* docket. *See* Dkt. 15-2. At that point, the state court no longer had jurisdiction over Plaintiff's case, meaning that Plaintiff's notice of voluntary dismissal was of no effect. If Plaintiff no longer wishes to pursue her federal claims, she should move to amend her pleading in *this Court* pursuant to Federal Rule of Civil Procedure 15. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018).

Second, even if Plaintiff had successfully abandoned her federal claims, a district court's jurisdiction is determined on the date of a case's removal, not thereafter. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). At the time Plaintiff's case was removed, this Court had original jurisdiction over the federal claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims, *see id.* § 1367(a). *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). Because the Court had subject matter jurisdiction at the time of removal, any subsequent abandonment by Plaintiff of her federal claims does not divest the Court of its subject matter jurisdiction over her state law claims. *See Behlen v. Merril Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (per curiam).

Nevertheless, a district court may decline to continue exercising its supplemental jurisdiction over state law claims when all federal claims have been dismissed. *See* 28 U.S.C. § 1367(c); *Pintando*, 501 F.3d at 1242; *Behlen*, 311 F.3d at 1095. In fact, district courts are encouraged to refrain from exercising their supplemental jurisdiction over state law claims where all federal claims have been eliminated prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). If Plaintiff were to amend her pleading so as to drop her federal claims, that issue would be reached.[3] But Plaintiff has not moved to do so. The Court therefore continues to exercise original jurisdiction over her federal claims and supplemental jurisdiction over her state law claims.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand and for Attorneys' Fees and Costs, Dkt. 15, and her accompanying Request for Oral Argument, Dkt. 16, are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on May 23, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[3] *See generally* Fed. R. Civ. P. 15(a)(2).

7