UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE MARGARET MCGARRITY,
personal representative of the
estate of Ann M. McGarrity,

    Plaintiff,

v.                                                   Case No. 8:23-cv-776-WFJ-JSS

FLORIDA HEALTH SCIENCES
CENTER, INC., d/b/a TAMPA
GENERAL HOSPITAL; ABIGAIL
JACKSON, R.N.; ASHLEY BOYT,
R.N.; NICOLA CRAIG, R.N.;
FLORIDA GULF-TO-BAY
ANESTHESIOLOGY ASSOCIATES,
L.L.C.; LACINDA MICHELLE DENIS,
P.A.; BRIAN BOLT, A.R.N.P.; PREMIER
HOSPITALISTS, PL; YASMIN
KHALDOUN MAHMOUD, M.D.;
DOUGLAS SCHWARTZ, D.O.; and
MICHAEL FRANKS, A.R.N.P.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Margaret McGarrity's Second Motion to Remand to State Court (Dkt. 34). Defendants have filed notice of non-objection (Dkts. 36, 42, 45, 46). Upon careful consideration, the Court grants Plaintiff's Motion and remands this action back to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

## BACKGROUND

On February 24, 2018, Ann M. McGarrity died after receiving medical treatment from Defendants. *See generally* Dkt. 39. Plaintiff subsequently initiated a survival action against Defendants in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Dkt. 6-3 at 2–68. On March 2, 2023, Plaintiff filed a Second Amended Complaint that included three federal law claims against Defendant Florida Health Sciences Center, Inc. (the "Hospital"). Dkt. 6-1 at 33–40.

On April 10, 2023, Defendants removed the instant action to this Court. Dkts. 1 & 6. Plaintiff filed her First Motion to Remand approximately two weeks later—arguing that Defendants' removal was untimely and that no federal question jurisdiction existed. Dkt. 15. On May 23, 2023, the Court denied Plaintiff's First Motion to Remand, finding that Defendants' removal was indeed timely, and that Plaintiff had not yet abandoned her federal law claims. Dkt. 24.

On August 9, 2023, Plaintiff filed a Third Amended Complaint dropping all federal counts against the Hospital. Dkt. 39. Plaintiff now moves to remand back to state court for the second time. Dkt. 34. Defendants offer no opposition.

## DISCUSSION

As the Court noted in its previous remand order, a district court may decline to continue exercising its supplemental jurisdiction over state law claims when all

federal claims have been dismissed or abandoned. *See* 28 U.S.C. § 1367(c); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002). District courts, moreover, are encouraged to refrain from exercising said jurisdiction where all federal claims have been eliminated prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Here, all of Plaintiff's federal law claims have been eliminated prior to the summary judgment stage. Defendants do not oppose remand. The Court therefore declines to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims. The instant action is remanded to state court.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Second Motion to Remand (Dkt. 34) is **GRANTED**.

(2) This action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

(3) The Clerk is directed to effectuate remand and close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 16, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record